IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| EDUARDO HERNANDEZ CARREON,<br><br>Movant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Civil No. 24-00688-CV-W-HFS-P<br>Crim. No. 22-00089-01-CR-W-HFS |

**GOVERNMENT'S SUGGESTIONS IN OPPOSITION
TO MOVANT'S MOTION UNDER 28 U.S.C. § 2255**

The respondent, the United States of America, respectfully requests that this Court deny Eduardo Hernandez Carreon's 28 U.S.C. § 2255 motion seeking to vacate his convictions and sentences.

Carreon pleaded guilty to conspiracy to distribute methamphetamine and conspiracy to commit money laundering and this Court sentenced him to 144 months' imprisonment. Carreon did not appeal. Carreon is incarcerated at the federal correctional institution in Oakdale, Louisiana. Carreon has now filed a § 2255 motion seeking to vacate his conviction and sentence contending that his attorney was ineffective.

A review of the claims and the underlying record demonstrates that Carreon's allegations should be denied. Carreon largely presents nonspecific allegations attacking his attorney's pre-plea performance. Carreon's claims are conclusory allegations and he has failed to demonstrate deficient performance and prejudice, as required by *Strickland v. Washington*, 466 U.S. 668 (1984).

Because the claims are insufficient under the law, this Court should deny most of the claims in Carreon's motion without holding an evidentiary hearing. However, Carreon's claim that he

requested an appeal and his counsel failed to file an appeal may require an evidentiary hearing should Carreon persist in that claim in his reply. Because the claims are not debatable among jurists of reason, this Court should deny a certificate of appealability.

## I. Factual and Procedural History

In February 2022, an investigation determined that Carreon operated a drug trafficking organization in Denver, Colorado, that was trafficking bulk methamphetamine and counterfeit Oxycodone pills to the Kansas City metropolitan area.[1] During a four-month investigation, officers utilized traffic stops and undercover purchases by a confidential source to seize more than 12 kilograms of methamphetamine along with thousands of counterfeit Oxycodone pills suspected to be laced with fentanyl.

Investigators arrested Carreon on April 5, 2022, during a controlled purchase arranged by the confidential informant. In a post-arrest interview, Carreon admitted that he was engaged in a methamphetamine transaction at the time of his arrest and offered to cooperate against the confidential informant. Carreon further admitted that he possessed approximately two pounds of methamphetamine and approximately 1,000 to 2,000 counterfeit pills inside a storage unit, though he declined consent to search the storage unit. Carreon stated that he had received methamphetamine from individuals connected to the Sinaloa cartel in Mexico. Carreon also possessed a fake Mexican identification card, which he used to avoid warrants in Colorado.

On April 26, 2022, an indictment was returned by a grand jury in the Western District of Missouri charging Carreon with conspiracy to distribute 500 grams or more of methamphetamine, Count One, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846; and conspiracy to commit

---

[1] The factual history is summarized from the stipulated facts in the plea agreement and the undisputed facts in the presentence investigation report (PSR) without further citation.

money laundering, Count Two, in violation of 18 U.S.C. § 1956(a)(1)(A)(i), (ii), and (h). (Crim. Doc. 12.)[2]

On April 24, 2023, Carreon appeared before this Court and pleaded guilty to the lesser-included offense of Count One, conspiracy to distribute some amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 846, and to Count Two, pursuant to a plea agreement with the Government. (Crim. Doc. 26, 28, 45.)

The plea agreement contained a factual basis for the guilty plea. (Plea Agrmt. 2-6.) Through the agreement, Carreon consented to the sentencing procedures to be utilized by this Court, including the use of relevant conduct; the statutory range of punishment; the calculation of the advisory Sentencing Guidelines range; this Court's discretion to impose any sentence within the statutory range notwithstanding the guidelines; the preparation of the PSR; and the stipulated guidelines provisions. (Plea Agrmt. 6-13.) As a result of the guilty plea to the lesser-included offense, Carreon's statutory range of punishment on Count One was up to 20 years' imprisonment, rather than the statutory range of 10 years to life imprisonment. (Plea Agrmt. 6-7.) Carreon waived his constitutional right to a jury trial and waived his rights to appeal and collaterally attack his sentence except for certain exceptions. (Plea Agrmt. 14-15.) Carreon represented that his entry into the plea agreement was freely and voluntarily given; that he was satisfied with his counsel's performance; and that no threats or promises, outside of the promises contained in the plea agreement, had induced his guilty plea. (Plea Agrmt. 19-20.) Carreon executed the plea agreement on April 24, 2023. (Plea Agrmt. 21.)

---

[2] " Doc." refers to the docket entry number in the civil case, *Carreon v. United States*, No. 24-00688-CV-W-HFS-P. "Crim. Doc." refers to the docket entry number in the criminal case, *United States v. Carreon*, No. 22-00089-01-CR-W-HFS.

At the change-of-plea hearing, this Court advised Carreon of the charges and the statutory range of punishment. (Plea Tr. 2-6.) Carreon stated he understood the charges and the maximum punishment. (Plea Tr. 6.) Carreon waived his constitutional rights to a jury trial. (Plea Tr. 6-8.) Carreon acknowledged that he understood the terms of the plea agreement. (Plea Tr. 8-15.) Carreon also stated that he had reviewed the document carefully before executing the agreement. (Plea Tr. 15.) Carreon's defense counsel stated she had reviewed the Government's investigative files and reviewed that information with Carreon. (Plea Tr. 16.) After being placed under oath, Carreon stated that he had conferred with his counsel; that he was satisfied with the representation he had received; that no force or threats had induced his guilty plea; and that no promises, outside of the promises contained in the plea agreement, had induced his guilty plea. (Plea Tr. 17-18.) Carreon agreed with the factual basis set forth by the Government. (Plea Tr. 18-20.) This Court then accepted Carreon's guilty pleas. (Plea Tr. 20.)

On September 27, 2023, a revised PSR was issued. (Crim. Doc. 32.) The PSR contained a recitation of offense conduct. (PSR ¶¶ 2-46.) The PSR calculated a base offense level of 34 under U.S.S.G. § 2D1.1(a)(5) based on the seized drug quantity; applied a total four-level increase under § 2D1.1(b)(5) and § 2D1.1(b)(16)(C) because the methamphetamine was imported; applied a four-level enhancement under § 2D1.1(b)(13) for the counterfeit pills which contained fentanyl; applied a two-level enhancement under § 3B1.1(c) because of Carreon's role in the conspiracy, and applied a three-level reduction under § 3E1.1(a) and (b) for acceptance of responsibility; yielding a total offense level of 41. (PSR ¶¶ 50-64.) The PSR calculated a criminal history score of 3, yielding a criminal history category of II. (PSR ¶¶ 65-70.) This resulted in a statutory range of punishment for each count of up to 20 years, and an advisory Sentencing Guidelines range of 360 months' to life imprisonment. (PSR ¶¶ 113-114.)

Defense counsel objected to the four-level enhancement for misbranding fentanyl, to the leadership role in the offense, and to his criminal history calculation based on a pending amendment to the Sentencing Guidelines. (PSR Adden. Sept. 27, 2023.) Prior to sentencing, a second PSR addendum determined that Carreon should receive only one of the two-level increases for importation of methamphetamine, and that he should be placed in criminal history category of I based on the pending Guidelines amendment, resulting in a new advisory guidelines range of 262 to 327 months. (PSR Adden. Oct. 25, 2023.)

Defense counsel also filed a sentencing memorandum, discussing the objections and the statutory sentencing factors under 18 U.S.C. § 3553(a) and requesting a sentence of 80 months. (Crim. Doc. 37.)

On October 25, 2023, Carreon appeared before this Court for his sentencing hearing. (Crim. Doc. 40, 46.) This Court first addressed the outstanding objections to the Sentencing Guidelines calculation in the PSR. (Sent. Tr. 2-8.) Carreon stated he had reviewed the PSR, agreed with the objections submitted by counsel, and had no additional objections that counsel had failed to raise. (Sent. Tr. 3-4.) This Court sustained the four-level objection to misbranding fentanyl. (Sent. Tr. 4-6.) This Court overruled the objection to the leadership enhancement. (Sent. Tr. 6-7.) This resulted in a total offense level of 35, a criminal history category of I, and an advisory guidelines range of 168 to 210 months. (Sent. Tr. 7-8.)

Defense counsel discussed the statutory sentencing factors—including Carreon's history of drug use; his sobriety during his pretrial custody; his post-arrest acceptance of responsibility and his willingness to provide cooperation when arrested; and his pending deportation to Mexico— reiterating the request for an 80-month sentence. (Sent. Tr. 8-10.) The Government requested a sentence within the Guidelines range, contending that sentence was appropriate based on the

criminal conduct and Carreon's background. (Sent. Tr. 10-11.) Carreon address this Court, apologized for his crimes, and requested the 80-month sentence. (Sent. Tr. 12-13.) This Court discussed the statutory sentencing factors and varied downward from the Guidelines, imposing concurrent sentences of 144 months on each count. (Sent. Tr. 13-14; Crim. Doc. 41.)

Carreon did not appeal.

## II. Argument and Authorities

Carreon has now filed a motion under § 2255 seeking to vacate his convictions and sentences contending that his counsel was ineffective.[3]

### A. *Legal Standard*

"In a § 2255 proceeding, the burden of proof with regard to each ground for relief rests upon the petitioner." *Kress v. United States*, 411 F.2d 16, 20 (8th Cir. 1969). "The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

Claims alleging ineffective assistance of counsel are governed by the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984): "To obtain relief on a claim of ineffective assistance of counsel, a prisoner must show that counsel's performance was deficient, and that the deficient performance prejudiced the defense." *Haney v. United States*, 962 F.3d 370, 373 (8th Cir. 2020) (citing *Strickland*, 466 U.S. at 687).

As to the "deficiency" prong, a defendant must show that "counsel's performance was so deficient as to fall below an objective standard of the customary skill and diligence displayed by a

---

[3]The Government does not dispute that the motion, though without merit under the law, is timely under 28 U.S.C. § 2255(f)(1).

reasonably competent attorney." *United States v. Ngombwa*, 893 F.3d 546, 552 (8th Cir. 2018) (quotation omitted). "[C]ounsel's failure to advance a meritless argument cannot constitute ineffective assistance." *Rodriguez v. United States*, 17 F.3d 225, 226 (8th Cir. 1994).

Counsel's "strategic decisions made after a thorough investigation of law and facts . . . are virtually unchallengeable." *Strickland*, 466 U.S. at 690. Whether a court agrees with a defense counsel's strategy or analysis in hindsight is not the test to be followed. *Rodela-Aguilar v. United States*, 596 F.3d 457, 464 (8th Cir. 2010) (citing *Wing v. Sargent*, 940 F.2d 1189, 1191-92 (8th Cir. 1991)).

As to the "prejudice" prong, a defendant must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *O'Neil v. United States*, 966 F.3d 764, 771 (8th Cir. 2020) (internal quotation marks omitted). "'A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 694). "That requires a 'substantial,' not just 'conceivable,' likelihood of a different result." *Pinholster*, *id*. (quoting *Harrington v. Richter*, 562 U.S. 86, 112 (2011)).

The two-part Strickland test applies to challenges to guilty pleas based on ineffective assistance of counsel. *See Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985). To establish ineffectiveness regarding the entry of the plea, a movant must show that "there is a reasonable probability that, but for counsel's errors, [the movant] would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 58-59; *see also United States v. Sisk*, 999 F.3d 631, 635 (8th Cir. 2021). To establish prejudice regarding the sentence, a defendant generally must show a reasonable probability that, but for counsel's errors, the defendant would have received a more favorable sentence, *see Puckett v. United States*, 556 U.S. 129, 142 n. 4 (2009), "'render[ing] the result of

the [sentencing] proceeding fundamentally unfair.'" *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993) (quoting *Strickland*, 466 U.S. at 687).

B. *Carreon's Claims Are Without Merit*

1. *Claims of Involuntary and Unknowing Plea Are Without Merit*

Carreon presents many claims contending that counsel was ineffective when representing him prior to the guilty plea. Carreon suggests these allegations render his decision to plead guilty unknowing and involuntary. A review of each of these claims reveals that they are conclusory and non-specific allegations of dissatisfaction, none of which are sufficient to rebut the presumption of competence. Carreon has also failed to demonstrate prejudice based on the alleged failures, but simply asserts he would not have pleaded guilty. Carreon has not overcome the facts in the record, which demonstrates that his guilty plea was knowing and voluntary.

Most of Carreon's claims involve assertions that his counsel's pre-plea performance was deficient. Carreon contends counsel failed to investigate the underlying criminal facts and failed to review or discuss those facts with Carreon. (*See* Doc. 1 at 4; Doc. 1-1 at 1-3; Doc. 2 at 4-8.) Carreon faults counsel's plea advice, contending that he would have insisted on a trial had counsel properly investigated and rendered appropriate advice. (*See* Doc. 1 at 4-5; Doc. 1-1 at 1-3; Doc. 2 at 4-5.) Carreon asserts that counsel forced him to plead guilty but provides no facts detailing how counsel exerted force over him. (Doc. 1-1 at 1.) Carreon characterizes counsel's advice as half-hearted and illogical and suggests that counsel never discussed the merits of his case. (Doc. 1-1 at 2.) Carreon asserts counsel failed to investigate any new rules or laws to benefit his case. (Doc. 1-1 at 2.)

Each of these pre-plea grounds are conclusory allegations. Carreon does not point to any facts that counsel failed to discover because of the purported deficient investigation. Carreon does not point to any deficient advice counsel rendered. Carreon does not point to any specific new

-8-
Case 4:24-cv-00688-HFS   Document 7   Filed 12/03/24   Page 8 of 14

rules or laws or explain how the rules or laws would have benefitted him. Carreon also has failed to conduct any prejudice analysis. Carreon simply accuses counsel of failing to perform adequately and presumes that the allegation itself is sufficient to obtain relief. But the burden to provide sufficient facts in support of the claims falls on the petitioner.

Carreon's criminal prosecution was not complex. This was a single-defendant indictment based on a series of undercover purchases of illegal drugs and seizures, each of which involved Carreon personally. Carreon was aware of the facts that led to the charges because Carreon was involved in every controlled purchase and seizure. Carreon's assertion that he was somehow unaware of the underlying facts is not credible. Further, Carreon provided a custodial statement admitting to the facts, even attempting to cooperate against the Government's confidential informant, unaware that the confidential informant was already assisting the Government.

In contrast to Carreon's conclusory allegations, the Government has obtained an affidavit from defense counsel, attached to this response as Exhibit A, which discusses counsel's representation and the negotiation of the plea agreement.

Carreon also contends that counsel failed to file legal challenges. Carreon asserts that counsel failed to seek dismissal of the indictment. (Doc. 1 at 4.) Carreon asserts that counsel failed to challenge the arrest and search and seizure warrants. (Doc. 1-1 at 3.) But Carreon has not provided a legitimate basis for those legal challenges and has not provided any prejudice analysis. Carreon again merely provides conclusory allegations and fails to provide any prejudice analysis. These claims are also insufficient to command relief.

Carreon asserts that his counsel failed to accurately predict the sentence this Court would impose and the Sentencing Guidelines enhancements. (Doc. 1-1 at 3.) However, attorneys are not required to accurately predict the sentence a district court will impose. "[I]naccurate advice of

counsel about the sentencing guidelines or likely punishment does not render involuntary a defendant's decision to plead guilty, so long as the defendant is informed of the maximum possible sentence permitted by statute and the court's ability to sentence within that range." *United States v. Quiroga*, 554 F.3d 1150, 1155-56 (8th Cir. 2009) (discussing cases); *see also United States v. Ramirez-Hernandez*, 449 F.3d 824, 826 (8th Cir. 2006).

The record of the proceeding demonstrates that Carreon was properly advised of the charges and the statutory range of punishment. (Plea Tr. 2-6.) The record further confirms that Carreon's guilty plea was knowing and voluntary. Carreon confirmed that he understood the terms of the plea agreement and had reviewed the document carefully before executing the agreement. (Plea Tr. 8-15.) Carreon stated under oath that he had conferred with his counsel; that he was satisfied with the representation he had received; that no force or threats had induced his guilty plea; and that no promises, outside of the promises contained in the plea agreement, had induced a guilty plea. (Plea Tr. 17-18.) Carreon agreed with the factual basis set forth by the Government. (Plea Tr. 18-20.) Carreon's sworn statements during the change-of-plea hearing refute the allegations in his motion.

Carreon's conclusory allegations of ineffective assistance fail to meet the standard under *Strickland* and should be denied by this Court.

2. *Carreon's Failure to Appeal Claim May Require an Evidentiary Hearing*

Carreon also faults his counsel for failing to file a direct appeal. In his affidavit, Carreon states, "Counsel indicated to Petitioner that he did not want to appeal.". (Doc. 1-1 at 4.) In the supporting memorandum of law, Carreon briefly asserts that he requested an appeal and counsel failed to appeal. (Doc. 2 at 8.)

"An attorney's failure to file a notice of appeal upon the client's request constitutes ineffective assistance of counsel, and no specific showing of prejudice is required." *United States v. Sellner*, 733 F.3d 927, 930 (8th Cir. 2014). Nevertheless, a petitioner must show that he made his desire to appeal evident to his attorney. *Barger v. United States*, 204 F.3d 1180, 1182 (8th Cir. 2000) ("A bare assertion by the petitioner that [he] made a request is not by itself sufficient to support a grant of relief, if evidence that the fact-finder finds to be more credible indicates the contrary proposition.") (citation omitted); *Yodprasit v. United States*, 294 F.3d 966, 969 (8th Cir. 2002) (same); *Roe v. Flores-Ortega*, 528 U.S. 470, 474 (2000) ("If counsel has consulted with the defendant . . . [c]ounsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal.").

In the attached affidavit, counsel asserts that she met with Carreon twice following sentencing on particular dates and discussed his appeal options. Counsel contends that, after discussing the ability to appeal and the likelihood of success, Carreon determine not to appeal. By contrast, Carreon provides few details in support of his assertion that he requested an appeal.

Nevertheless, the Government believes that this Court will be required to conduct an evidentiary hearing to resolve the factual dispute. *See*, *e.g.*, *Franco v. United States*, 762 F.3d 761, 765 (8th Cir. 2014); *Witthar v. United States*, 793 F.3d 920, 923-24 (8th Cir. 2015). Should Carreon file any reply ordered by this Court, the Government respectfully requests that this Court appoint counsel and hold an evidentiary hearing limited to the allegation that counsel failed to follow Carreon's express instructions to appeal.

C. *An Evidentiary Hearing Is Not Required to Resolve Most of the Claims, and this Court Should Deny a Certificate of Appealability*

"A petitioner is entitled to an evidentiary hearing on a section 2255 motion unless the motion and the files and records of the case conclusively show that he is entitled to no relief."

*Anjulo-Lopez v. United States*, 541 F.3d 814, 817 (8th Cir. 2008) (internal quotation marks omitted). "No hearing is required, however, 'where the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based.'" *Id*. (quoting *Watson v. United States*, 493 F.3d 960, 963 (8th Cir. 2007)); *see also Allen v. United States*, 854 F.3d 428, 433 (8th Cir. 2017) (a § 2255 motion can be dismissed without a hearing if (1) a movant's allegations, accepted as true, would not entitle him to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact).

Except for the failure to appeal claim, as discussed above, Carreon's claims are conclusory allegations, which are contrary to the record of the proceeding, and which are insufficient under the law to command relief. Carreon has failed to meet his burden under the law and those claims should be denied without an evidentiary hearing.

A movant can appeal the denial of a § 2255 motion to the court of appeals only if this Court issues a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(B). To receive a certificate of appealability, a movant must demonstrate a substantial showing of the denial of a constitutional right or raise an issue that is debatable among jurists of reason or deserving of further proceedings. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because most of Carreon's claims fail as a matter of law, and the merits of those claims are not debatable among reasonable jurists or deserving of further consideration, this Court should also deny a certificate of appealability.

### III. Conclusion

For the reasons previously outlined, the Government respectfully requests that this Court deny Carreon's § 2255 motion seeking to vacate his conviction and sentence.

          Respectfully submitted,

          TERESA A. MOORE
          United States Attorney

By    /s/ Jess E. Michaelsen

          JESS E. MICHAELSEN
          Assistant United States Attorney

          Charles Evans Whittaker Courthouse
          400 East 9th Street, Room 5510
          Kansas City, Missouri 64106
          Telephone: (816) 426-3122

          *Attorneys for Respondent*

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that a copy of the foregoing was delivered on December 3, 2024, to the CM-ECF system of the U.S. District Court for the Western District of Missouri for electronic delivery to all counsel of record, and mailed to:

      Eduardo Hernandez Carreon, *Pro Se*
      Reg. No. 94817-509
      FCI Oakdale II
      P.O. Box 5010
      Oakdale, Louisiana  71463

      /s/ Jess E. Michaelsen
      Jess E. Michaelsen
      Assistant United States Attorney