EDUARDO HERNANDEZ CARREON
Reg. No. 94817-509
FCI OAKDALE II
FEDERAL CORRECTIONAL INSTITUTION
P.O. BOX 5010
OAKDALE, LA 71463

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF MISSOURI (KANSAS CITY)

| | |
|---|---|
| EDUARDO HERNANDEZ CARREON, | CIV. ACTION NO. 4:22-cr-00089-HFS-1 |
| Plaintiff(s), | |
| vs. | CARREON'S REPLY TO GOVERNMENT'S OPPOSITION |
| UNITED STATES OF AMERICA, | |
| Defendant(s). | |

In its Response, inter alia, the Government posits that Carreon's claims are conclusory and non-specific allegations of dissatisfaction, and that none of which are sufficient to rebut the presumption of competence and moves this honorable Court to deny all claims raised by CARREON.

First, CARREON states that the statements and arguments made by the Government are not evidence. The Government's arguments are intended to convince the Court what conclusions the honorable Court should draw from the evidence or lack of evidence. See, United States v. Hampton, S2 21 Cr. 766 (JPC) (S.D.N.Y. Dec. 1, 2022).

Second, Counsel has filed an Affidavit disputing Petitioner CARREON's allegations, and responded in a way to Petitioner CARREON's 2255 Claims creating several issues of material fact. In these circumstances, it is appropriate and just that Counsel assume greater liability to the violation of Petitioner CARREON's Constitutional Rights.

The Government argues that CARREON's claims concerning the pre-plea negotiation phase lack support and statements are self-serving. And that aside from these statements, CARREON presents no other.

Here, CARREON's claims are not self-serving or conclusory. Counsel failed to mention any details as to the engaging in plea negotiations.

a. **Had Counsel properly explained that Plea Offers, Petitioner would have avoided the greater risk and sought the most favorable outcome or plea.**

Petitioner's claims do not lack specificity and are not conclusory and should not be dismissed.

The Government relies on the Sentencing Transcript and statements made to to honorable Court by Petitioner. However, Petitioner states that Petitioner accepted the plea, pleaded guilty, and answered affirmatively to the honorable Court at the direction of Counsel. Petitioner was not acting under his own free will. Petitioner's failure to act under his own free will was fueled by Counsel's threats, coercion, intimidation, lack of interest, failure to consult, explain, inform and explain the elements, charges and situation Guidelines to Petitioner.

In **Griffin**, the Sixth Circuit held that defendant's repeated declarations of innocence did not prove he would not have accepted a guilty plea had he been properly advised on his sentencing exposure. 330 F.3d at 738 (Citing **North Carolina v. Alford**, 400 U.S. 25, 33, 91 S.Ct. 160, 27 L. Ed. 2d 162 (1970) (holding "reasons other than the fact that he is guilty may induce a defendant to so plead") (internal citations and quotation marks omitted)). Griffin provided: "It does not make sense to say that a defendant must admit guilty prior to accepting a deal on a guilty plea....[A] defendant must be entitled to maintain his innocence through out trial under the Fifth Amendment". 330 F. 3d at 738. Similarly, in Lalani the court cited Griffin and held that petiitoners' "protestations of innocence

after their trial do not prevent [them] from showing prejudice...." 315 F. App'x at 861.

In **Lalani** and **Griffin**, however, the court found sufficient evidence in the record warranted an evidentiary hearing to determine whether there was a "reasonable probability" that defendants would have accepted a guilty plea if properly advised. See id; 330 F. 3d at 739.

Petitioner claims warrant further development of the record because numerous events that transpired were out-of-courtroom events and are not part of the record. The honorable Court of Appeals did not have the benefit of learning of these out-of-courtroom events on direct review because traditionally it was not appropriate during direct review of Petitioner's appeal and no appeal was filed.

Petitioner submits that the records to the case, video surveillance, ledgers, rosters, County Jail and Court records, will clearly show where and when Petitioner met with the Counsel.

In **Griffin**, the Sixth Circuit held that defendant's repeated declarations of innocence did not prove he would not have accepted a guilty plea had he been properly advised on his sentencing exposure. 330 F.3d at 738 (Citing **North Carolina v. Alford**, 400 U.S. 25, 33, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970) (holding "reasons other than the fact that he is guilty may induce a defendant to so plead") (internal citations and quotation marks omitted)). Griffin provided: "It does not make sense to say that a defendant must admit guilty prior to accepting a deal on a guilty plea....[A] defendant must be entitled to maintain his innocence through out trial under the Fifth Amendment". 330 F. 3d at 738. Similarly, in Lalani the court cited Griffin and held that petiitoners' "protestations of innocence after their trial do not prevent [them] from showing prejudice...." 315 F. App'x at 861.

In Lalani and **Griffin**, however, the court found sufficient evidence in the record warranted an evidentiary hearing to determine whether there was a

3

1  "reasonable probability" that defendants would have accepted a guilty plea if
2  properly advised. See id; 330 F. 3d at 739.
3      Petitioner CARREON's claims warrant further development of the record
4  because numerous events that transpired were out-of-courtroom events and are not
5  part of the record.
6      Petitioner CARREON submits that "[a]s part of this advice, counsel must
7  communicate to the defendant the terms of the plea offer, and should usually
8  inform the defendant of the strengths and weaknesses of the case against him, as
9  well as the alternative sentences to which he will most likely be
10 exposed." **Purdy**, 208 F.3d at 45 (internal citations omitted).
11     In the context of a defense counsel's advice surrounding a plea offer, "[a]
12 lawyer shall explain a matter to the extent reasonably necessary to permit the client
13 to make informed decisions regarding the representation." **Purdy v. United
14 States**, 208 F.3d 41, 45 (2d Cir. 2000) (internal quotation marks omitted) (quoting
15 Model Rules of Professional Conduct Rule 1.4(b) (1995)). "The decision whether
16 to plead guilty or contest a criminal charge is ordinarily the most important single
17 decision in a criminal case . . . [and] counsel may and must give the client the
18 benefit of counsel's professional advice on this crucial decision." **Boria v. Keane**,
19 99 F.3d 492, 496-97 (2d Cir. 1996) (internal quotation marks omitted) (quoting
20 Anthony G. Amsterdam, Trial Manual 5 for the Defense of Criminal Cases
21 (1988)), cert. denied, **Keane v. Boria**, 521 U.S. 1118 (1997). "As part of this
22 advice, counsel must communicate to the defendant the terms of the plea offer, and
23 should usually inform the defendant of the strengths and weaknesses of the case
24 against him, as well as the alternative sentences to which he will most likely be
25 exposed." **Purdy**, 208 F.3d at 45 (internal citations omitted). "[K]nowledge of the
26 comparative sentence exposure between standing trial and accepting a plea offer
27 will often be crucial to the decision whether to plead guilty." **U.S. v. Gordon**, 156
28

F.3d 376, 380 (2d Cir. 1998) (per curiam) (citation and internal quotation marks omitted).

Petitioner CARREON submits that Counsel committed numerous errors, and "[s]uch errors include `omissions [that] cannot be explained convincingly as resulting from a sound trial strategy, but instead arose from oversight, carelessness, ineptitude, or laziness.'" Id. (quoting Eze v. Senkowski, 321 F.3d 110, 112 (2d Cir. 2003)).

Here, the Government expects Petitioner to predict the outcome of many instances during and before Petitioner's pre-trial process. It is hard to predict how Petitioner would have prevailed at any stage. Petitioner submits that any outcome is unpredictable.

In that regard, "contested fact issues in § 2255 cases cannot be resolved on the basis of affidavits." **Friedman**, 588 F.2d at 1015; see also **Machibroda v. United States**, 368 U.S. 487, 495, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962) ("Not by the pleadings and the affidavits, but by the whole of the testimony, must it be determined whether the petitioner has carried his burden of proof and shown his right to a discharge.") (quotes and cite omitted); **United States v. Henderson**, 2014 WL 4063930 at *3 (E.D.La. Aug. 13, 2014); **United States v. Rivas–Lopez**, 678 F.3d 353, 358–59 (5th Cir.2012) (evidentiary hearing required for allegation of *ineffective assistance of counsel because of conflicting accounts and incomplete record on relevant factors*). "[K]nowledge of the comparative sentence exposure between standing trial and accepting a plea offer will often be crucial to the decision whether to plead guilty." **U.S. v. Gordon**, 156 F.3d 376, 380 (2d Cir. 1998) (per curiam) (citation and internal quotation marks omitted).

# CREDIBILITY OF PETITIONER CARREON

The Courts have been clear in establishing that just because a Petitioner is incarcerated, it does not mean that he is not to be believed. See **Friedman v. United States**, 588 F.2d 1010 (5th Cir. 1979) (Stating that contested fact issues in a Section 2255 cannot be resolved on the basis of affidavits); See also **Taylor v. United States**, 287 F.3d 650 (7th Cir. 2002), where the Court determined that if the record contains an evidentiary conflict on a material issue of fact a judge must hold an evidentiary hearing to decide who is telling the truth. "It is not sound to say that in every conflict between a prisoner and a lawyer the lawyer must be believed." Id. **Friedman v. United States**, 588 F.2d 1010 (5th Cir. 1979).

Petitioner submits that "when there are only conflicting affidavits regarding the underlying facts, Court must hold evidentiary hearing).

In **United States v. Howell**, the Ninth Circuit held a court must hold evidentiary hearing if moving papers allege facts with sufficient definiteness, clarity, and specifity to enable the court to conclude that relief must be granted if the facts alleged are proved. See 231 F.3d 615, 620 (9th Cir. 2000) (Citing **United States v. Walczak**, 783 F.2d 852, 857 (9th Cir. 1986).

In **Carrion v. Smith**, 365 Fed. Appx. 278 (2d Cir. 2012) Judge Scheindlin found amongst other things petitioner's testimony credible. An excerpt from that case follows:

> ("Although this testimony is self-serving, **I find it credilble especially given his demeanor in testifying**....". Cullen v. United States, 194 F.3d 401, 407 (2d Cir. 1999) (explaining that although a habeas petitioner's testimony is often self-serving, "it ought no be rejected solely on this account")). See Carrion v. Smith, 365 Fed. Appx. At 282. (emphasis added).

Only an evidentiary hearing would allow the honorable Court to analyze and witness Petitioner CARREON's "demeanor in testifying." Petitioner CARREON requests this honorable Court Grant an Evidentiary hearing directing the

1  Government, CARREON and other witnesses to appear to testify at an evidentiary
2  hearing.
3      Petitioner CARREON will show that, absent counsel's ineffectiveness, he
4  would have changed his plea.". **Arnold v. Thaler**, 630 F.3d 367, 370 (5th Cir.
5  2011). (emphasis added).
6      Petitioner CARREON respectfully requests a evidentiary hearing.

# AN EVIDENTIARY HEARING IS NECESSARY AND WOULD BE USEFUL TO THE COURT

Title 28, United States Code Section 2255 provides that a prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released or for reduction of sentence may move the court which imposed the sentence to vacate, set aside, or correct the sentence. This section also provides as follows:

> "Unless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto."

28 U.S.C. Section 2255

In the instant case, as set forth in Petitioner's Section 2255 Petition and Affidavits, Petitioner has pleaded, presented evidence, and argued to demonstrate that his conviction and sentence is violative of his Sixth Amendment right to effective assistance of counsel during the plea negotiation phase.

While many of the material allegations concern events which took place outside the courtroom and are not, therefore, part of the "files and records," these allegations require an evidentiary hearing under well settled law. Stoia v. United States, 24 F.3d 766, 768 (7th Cir. 1994); Shaw v. United States, 24 F.3d 1040, 1043 (8th Cir. 1994) (same); Nichols v. United States, 75 F.3d 1137, 1145-46 (7th Cir. 1996)(petitioner entitled to evidentiary hearing on claim of ineffective assistance of counsel when record inconclusive on issue); United States v. Witherspoon, 231 F.3d 923; 2000 U.S. App. LEXIS 27778 (4th Cir. 11-6-00)(petitioner entitled to evidentiary hearing when motion presented colorable claim and unclear whether counter affidavit disputed defendant's allegations).

Here, Petitioner was directed to and induced by Counsel to sign a plea agreement and enter a plea of guilty for significantly a lot less of what counsel told Petitioner. Petitioner argues that his conviction and sentence are violative of his Sixth Amendment right to effective assistance of counsel because "any amount of jail time has a Sixth Amendment significance." Glover v. United States, 531 U.S. 198, 203, 121 S. Ct. 696, 148 L. Ed. 2d 604 (2001).

# RELIEF REQUESTED

For the above-named reasons, Petitioner prays that this Court:

i. Issue a writ of habeas corpus to have Petitioner brought before the Court to the end that he may be discharged from this unconstitutional conviction;

ii. Require Respondent to bring forth and file with this Court accurate and complete copies of all documents and proceedings relating to Petitioner's conviction and sentence;

iii. Permit Petitioner to amend this Petition to include any additional claims or allegations not presently known to him, that are identified or uncovered in the course of review, discovery, investigation, and litigation of this habeas corpus Petition;

iv. Require Respondent to file an answer in the form prescribed by the Rules Governing § 2255 proceedings, admitting or denying each and every factual allegation set forth in this Petition;

v. Permit Petitioner to conduct and utilize the procedures for discovery under Rule 6 of the Rules Governing § 2255 proceedings and Fed.R.Civ.P. 26 – 37, to the extent necessary to fully develop and identify the facts supporting this Petition, and any defenses thereto raised by Respondent's Answer;

vi. Conduct an evidentiary hearing to resolve any factual disputes in relation to the claims in this Petition, by Respondent's Answer to this Petition, or by Petitioner's Response to any affirmative defenses raised in Respondent's Answer;

vii. Issue a writ of habeas corpus Granting new proceedings to cure all constitutional defects in the federal proceedings that resulted in Petitioner's Federal conviction;

viii. Issue an Order appointing Counsel for Petitioner for this habeas corpus proceeding; and

ix. Grant such other and further relief as may be deemed just and proper.

## VERIFICATION

I, the Petitioner, state as follows:

a) I am a pro se pauper in federal custody; and
b) Based on my first-rate personal knowledge, and a review of the limited record, I know all the facts described in this Petition and verify them as true.

I declare under penalty of perjury pursuant to Title 28 U.S.C. 1746, and under the laws of this State that the foregoing is true and correct to the best of my ability.

Dated this December 27, 2024

Signature Name: *[signature]*

**EDUARDO HERNANDEZ CARREON**
Reg. No. 94817-509

## CONCLUSION

WHEREFORE, for the reasons stated above, Petitioner prays this honorable Court Grant Petitioner the relief he seeks.

Dated this December 27, 2024

Sign Name: *[signature]*

**EDUARDO HERNANDEZ CARREON**
Reg. No. 94817-509
FCI OAKDALE II
FEDERAL CORRECTIONAL INSTITUTION
P.O. BOX 5010
OAKDALE, LA 71463

# CERTIFICATE OF SERVICE

I, Petitioner Carreon, hereby, certifies and declares that on December 27, 2024, I have served the Original of the following:

## CARREON'S REPLY

Which is deemed filed at the time it was delivered to prison legal mail authorities for forwarding, Houston v. Lack, 101 L. Ed. 2d 245 (1998), upon the below mentioned, by placing same in sealed, postage prepaid envelope addressed to:

Missouri Western District Court – Kansas City, MO
Charles Evans Whittaker United States Courthouse
400 East Ninth Street
Kansas City, MO 64106

And deposited same in the United States Legal Mail System at the:

FCI OAKDALE II
FEDERAL CORRECTIONAL INSTITUTION
P.O. BOX 5010
OAKDALE, LA  71463

I declare under penalty of perjury pursuant to Title 28 U.S.C. 1746, and under the laws of this State that the foregoing is true and correct to the best of my ability.

Dated this December 27, 2024

Sign Name: *[signature]*

**EDUARDO HERNANDEZ CARREON**
Reg. No. 94817-509
FCI OAKDALE II
FEDERAL CORRECTIONAL INSTITUTION
P.O. BOX 5010
OAKDALE, LA  71463



Eduardo Hernandez Carreon
Reg. No. 94817-509
FCI Oakdale II
Federal Correctional Institution
P.O. Box 5010
Oakdale, LA 71463

RECEIVED
2024 JAN -3 PM 12: 44
CLERK U.S. DIST. COURT
WEST DIST. OF MO
KANSAS CITY, MO

SCREENED BY

U.S. MARSHALS
United States District Court
Western District of Missouri
400 East Ninth Street
Kansas City, MO 64106

22-cr-89-HFS